250 F.2d 481
 58-1 USTC P 9168
 Thomas M. CAREY, Collector of Internal Revenue, Appellant,
v.
Robert JONES, Administrator of Estate of Alma R. Jones,
deceased, Appellee.
UNITED STATES of America, Appellant,
v.
Ben M. COBEN, Appellee.
 Nos. 13255, 13256.
 United States Court of Appeals Sixth Circuit.
 Jan. 2, 1958.
 
 Harlan Pomeroy, Washington, D.C., for appellants, Charles K. Rice, Asst. Atty. Gen., A. F. Prescott and Sumner Canary, Cleveland, Ohio, on the brief.
 Lawrence R. Bloomenthal, Cleveland, Ohio, for appellees, Herbert Zipkin, Cleveland, Ohio, on the brief.
 Before ALLEN and McALLISTER, Circuit Judges, and LEVIN, District judge.
 PER CURIAM.
 
 
 1
 This case involves the question whether gain realized by taxpayers from receipt of corporate stock in exchange for stock in another corporation must be recognized under Section 112(a) and (b)(3) of the Internal Revenue Code of 1939, 26 U.S.C.A. 112(a), (b)(3). The district court held that the exchange was tax free and granted taxpayers' petition for refund.
 
 
 2
 Appellee taxpayers were shareholders in the W. B. Davis Company, an Ohio corporation, hereinafter called Davis, a company engaged in the business of operating a retail clothing and furnishing store in Cleveland, Ohio.
 
 
 3
 On October 17, 1947, Davis entered into a contract agreeing with Allied Stores Corporation to sell its property. The property was, however, transferred by Davis, not to Allied Stores Corporation but to the Lindner Company. The Lindner Company was a wholly-owned subsidiary of Allied Stores Corporation, and had been incorporated to acquire the assets of Davis. Davis Company, at the behest of Allied, thereafter transferred its property to Lindner. As consideration for the transfer, Allied delivered 11,185 shares of its own stock to Davis. The Davis Company's stock was surrendered by its stockholders in exchange for the Allied stock. Gain on the sale or exchange of property is subjected to tax under Section 112(a) of the Internal Revenue Code of 1939, unless it comes within an exception to the statutory provision.
 
 
 4
 Appellee stockholders contend the exchange of their Davis stock for the Allied stock comes within the exception set forth in Section 112(b)(3) of the Internal Revenue Code of 1939, which provides for recognition of gain, if a corporation, a party to a reorganization, exchanges property in pursuance of the plan of reorganization, solely for stock in another corporation, a party to the reorganization. Section 112(g)(1), as amended by Section 213(b) of the Internal Revenue Act of 1939, defines reorganization to mean, inter alia, 'The acquisition by one corporation, in exchange solely for all or part of its voting stock, of substantially all the properties of another corporation.' As far as Allied is concerned, the transaction was not a reorganization within the meaning of the statute since Lindner, rather than Allied, acquired Davis' properties. Allied, therefore, was not a party to the reorganization under the statutory definition of the term. In this case, the stockholders of the transferor corporation received an interest, not in the transferee corporation, but in the transferee corporation's parent.
 
 
 5
 In Groman v. Commissioner, 302 U.S. 82, 654, 58 S.Ct. 108, 82 L.Ed. 63, the court had before it a situation similar to the instant case. There, the stockholders of a transferor corporation entered into a contract with another corporation-- that may be described as the negotiating corporation-- to transfer their stock to a corporation to be organized by such negotiating corporation, in return for stock in the latter corporation, as well as stock in the transferee. The negotiating corporation was to cause the transferor corporation to transfer its stock to the transferee corporation. The court held that the negotiating corporation was not a party to the reorganization, and that, therefore, the gain on the receipt of stock by the stockholders of the transferor corporation was taxable to them. As we view the Groman case, and applying the rule therein set forth to the case set before us, the difference between Allied and Lindner is much more than a purely technical difference in identity. Using the language of the Groman case, Allied 'was, in the transaction in question, no more than the efficient agent in bringing about a reorganization. It was not, in the natural meaning of the term, a party to the reorganization.' 302 U.S. at page 89, 58 S.Ct. at page 112.
 
 
 6
 The corporation that was the party to the reorganization was the Lindner Company. The Davis property was transferred to Lindner; Lindner continued to hold title to such property; Lindner filed its own separate income tax returns; and Lindner was an entirely separate corporation from its parent. The crucial consideration is whether the taxpayers received stock in a corporation which was a party to the reorganization. The stock which they received was stock in Allied; and Allied was not a party to the reorganization.
 
 
 7
 In accordance with the foregoing, the judgment of the district court is set aside and the complaint is dismissed.